**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| PATHVIBE LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | **SEALED**<br><br>Civil Action No.<br>1:26-cv-03189<br><br>**JURY DEMAND** |

## COMPLAINT

Plaintiff Pathvibe LLC ("Plaintiff"), by and through undersigned counsel, hereby files its Complaint against Defendants, The Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A"[1] hereto (collectively, the "Defendants"), and alleges as follows:

## THE PARTIES

1) Plaintiff is a Delaware limited liability company based in Montebello, New York.

2) The currently-known Defendants are comprised of individuals, business entities of unknown makeup, or unincorporated associations, each of whom, on information and belief, likely reside or operate in foreign jurisdictions, or redistribute products from the same or similar sources in these locations, including those identified by name or alias on the attached Schedule "A" (collectively, "Defendants").

3) Defendants operate through domain names and interactive virtual storefronts (the "Infringing Storefronts") on various e-commerce platforms, such as Amazon and Walmart (each a "Marketplace" and collectively, the "Marketplaces").

[1] Schedule A lists Defendant's identifying information (Merchant Name, Merchant ID, Product ID, and Product URL).

4) Each Defendant is known to Plaintiff only by its unique Marketplace name and ID number.

5) Defendants offer their products for sale to consumers in the United States, including this District, and, on information and belief, have made, used, offered for sale, sold, and/or imported into the United States unauthorized and unlicensed interactive Bluetooth dance mats that infringe Plaintiff's registered patent (the "Infringing Products") to consumers within the United States, including within Texas and the Western District of Texas, thereby infringing Plaintiff's exclusive rights to make, use, sell, or import the claimed invention of Plaintiff's patent.

6) Through their illegal operations on the Infringing Storefronts, Defendants are directly and personally contributing to, inducing, and engaging in the sale of Infringing Products, and on information and belief, are doing so often as partners, co-conspirators, or suppliers.

7) On information and belief, Defendants are an interrelated group working in concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States unauthorized and unlicensed products that infringe Plaintiff's patent.

8) Defendants conceal their identities and the full scope of their infringing operations to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' infringing operation. The true identities of many of these Defendants are presently unknown.

**JURISDICTION AND VENUE**

9) This is an action for patent infringement in violation of 35 U.S.C. § 271, seeking damages, injunctive relief, and other remedies provided by law.

10) This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1*, et seq.*; 28 U.S.C. § 1338(a)-(b); and 28 U.S.C. § 1331.

11) This Court has personal jurisdiction over Defendants because each Defendant has, through one or more fully interactive commercial Internet websites, pursued sales from Texas residents by offering shipping to Texas, and, on information and belief, has made, used, offered to sell, sold, and/or imported into the United States unauthorized products that infringe Plaintiff's patent to residents of Texas in violation of Plaintiff's intellectual property rights. As such, personal jurisdiction is proper because each Defendant is committing infringing acts in Texas and has wrongfully caused Plaintiff substantial injury in the State of Texas.

12) This Court also has personal jurisdiction over Defendants because Plaintiff's claims arise under federal law; the Defendants are, on information and belief, not subject to jurisdiction in any state's courts of general jurisdiction; and exercise of such jurisdiction is consistent with the United States Constitution and laws. Fed. R. Civ. P. 4(k)(2).[2] Personal jurisdiction is thus also proper pursuant to Rule 4(k)(2) because each of the Defendants directs its activities at residents of the United States and the State of Texas.

13) Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Defendants are entities or individuals subject to personal jurisdiction in this District, and Defendants not residing in the United States may be sued in any judicial district.

## RELEVANT FACTS

[2] "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014); *see also J. McIntyre Mach., Ltd. v. Nicastr*o, 564 U.S. 873, 881 (2011) ("submission through contact with and activity directed at a sovereign may justify specific jurisdiction"). Specific jurisdiction only requires a defendant to have "minimum contacts" with the state, rather than the "continuous and systematic" standard for general jurisdiction—the defendant need only purposefully direct its activities at residents of the forum, and the plaintiff's alleged injury must arise out of or relate to the defendant's contacts with the forum. *Dontos v. Vendomation NZ Ltd.*, 582 F. App'x 338, 342 (5th Cir. 2014).

***Plaintiff's Intellectual Property and Plaintiff's Products***

14) Plaintiff is part of a consumer packaged-goods platform and is owned by its parent company, Pathway IP LLC. Plaintiff holds the patent rights covering the interactive Bluetooth dance mat for children, which it plans to launch commercially (the "PATHVIBE Products").

15) Plaintiff is the owner, by assignment, of all right, title, and interest in federally registered patents to cover the novel interactive Bluetooth dance mat, including U.S. Patent No. 8,506,455 (the '455 Patent) titled "Exercise mat with integrated audio." The '455 Patent claims the benefit of a provisional patent application that was filed July 28, 2009, and the '455 Patent was issued on August 13, 2013. A true and correct copy of Plaintiff's Patent is attached hereto in **Exhibit 1**.

16) The '455 Patent was and is valid and enforceable at all times relevant to this action and is entitled to a presumption of validity under 35 U.S.C. § 282.

17) Among the exclusive rights granted to Plaintiff under the U.S. Patent Act are the exclusive rights to make, use, sell, and import the claimed invention in the '455 Patent. Plaintiff has never authorized Defendants to make, use, sell, offer for sale, and/or import into the United States products that incorporate the technology claimed in the '455 Patent.

18) Plaintiff plans to market and sell the PATHVIBE Products incorporating the patented invention primarily through online marketplaces, including Amazon, consistent with the parent company's model.

19) Defendants' sales of the knockoff products that incorporate the claimed invention of the '455 Patent violate Plaintiff's exclusive intellectual property rights are irreparably damaging Plaintiff.

***Defendant's Infringing Activities***

20) Plaintiff intends to commercially launch its PATHVIBE dance mat products incorporating the technology protected by the ’455 Patent. Plaintiff plans to market and sell these products primarily through online marketplaces, including Amazon. However, Defendants are already offering for sale and selling products that infringe the ’455 Patent through online marketplaces and e-commerce websites where the Company intends to compete. *See* **Exhibit** 2. The significant infringement by Defendants already existing in the marketplace has hampered Plaintiff’s ability to generate and expand market share for the PATHVIBE Products before they are even ready for sale.

21) Upon information and belief, at all times relevant hereto, the Defendants in this action have had full knowledge of Plaintiff’s ownership of the ’455 Patent, including its exclusive right to make, use, sell, import, and license such intellectual property and its associated goodwill.

22) Defendants have purposefully directed some portion of their infringing activities toward consumers in the Western District of Texas through making, using, offering to sell, selling, and/or importing into the United States and this Judicial District unauthorized products that infringe the ’455 Patent to consumers in this District.

23) Defendants, without authorization or license from Plaintiff, knowingly and willfully made, used, offered to sell, sold, and/or imported into the United States unauthorized products that infringe the ’455 Patent, through, inter alia, the Internet. The unauthorized products are not PATHVIBE Products of the Plaintiff. Plaintiff did not manufacture, inspect, or package the unauthorized products and did not approve the unauthorized products for sale in Texas. Each Infringing Storefront offers shipping to the United States, including Texas, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Texas.

24) Upon information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the seller aliases shown in Schedule "A", and Plaintiff has reason to believe additional aliases exist but are not yet known to Plaintiff. The tactics used by Defendants to conceal their identities and the full scope of their infringing operation make it virtually impossible for Plaintiff to learn the precise scope and the exact interworking of their infringing network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

25) Infringers, such as Defendants here, are typically in communication with each other. They regularly participate in online chat rooms, such as QQ.com, and also communicate through websites such as sellerdefense.cn, kaidianyo.com, and kuajingvs.com, where they discuss tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

26) Defendants go to great lengths to conceal their identities by using multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. Other Defendant domain names often use privacy services that conceal the owners' identity and contact information. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms by using the identities listed in Schedule A of this Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of the many common tactics used by Defendants to conceal their identities, the full scope and interworking of their massive infringing operation, and to avoid being shut down.

27) Infringers, such as Defendants here, maintain offshore bank accounts and regularly move funds from their financial accounts to offshore accounts outside the jurisdiction of U.S.

courts to avoid payment of any monetary judgment awarded. Upon information and belief, offshore infringers regularly move funds from U.S.-based financial accounts to offshore accounts outside the jurisdiction of U.S. courts.

28) Defendants' unauthorized use and/or manufacturing of the invention claimed in the '455 Patent in connection with the distribution, offering for sale, and sale of unauthorized products, including the sale of unauthorized products into the United States, including Texas, is likely to cause, and has caused, loss of market share and erosion of Plaintiff's patent rights is irreparably harming Plaintiff.

29) Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling infringing products that infringe upon the '455 Patent unless preliminarily and permanently enjoined. As such, Plaintiff also seeks to disable domain names owned by Defendants that are the means by which Defendants could continue to infringe Plaintiff's intellectual property.

## COUNT I

## PATENT INFRINGEMENT (35 U.S.C. § 271)

30) Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 29.

31) Plaintiff is the owner, by assignment, of all right, title, and interest in U.S. Patent No. 8,506,455B2 (the '455 Patent) titled "Exercise mat with integrated audio." A true and correct copy of the '455 Patent is attached hereto as **Exhibit 1.**

32) Plaintiff, at all relevant times, has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including, but not limited to, the Plaintiff's '455 Patent.

33) As shown, Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell infringing products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the same product that infringes directly and/or indirectly the ’455 Patent. *See* **Exhibit** 2.

34) As shown in the claim charts attached hereto as **Exhibit 3**, the products being sold by each Defendant infringes at least Claim 1 of the ’455 Patent. The claim charts of **Exhibit 3** are illustrative only and are made without the benefit of discovery or claim construction, and Plaintiff reserves the right to modify its infringement theory as appropriate as the case proceeds. Plaintiff alleges that Defendants have infringed each and every claim of the ’455 Patent.

35) Specifically, Defendants have infringed and continue to infringe Claim 1 of the ’455 Patent by making, using, offering to sell, selling, and/or importing their infringing products in the United States without authorization or license from Plaintiff. In addition to directly infringing, Defendants have also indirectly infringed the ’455 Patent by actively inducing or contributing to infringement by others, including consumers and downstream sellers, who purchase, use, or resell the infringing products in violation of Plaintiff’s exclusive rights.

36) Defendants have profited by their infringement of the ’455 Patent, and Plaintiff has suffered actual harm as a result of Defendants’ infringement.

37) As a direct and proximate result of Defendants’ infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendants’ infringement of the ’455 Patent in connection with the offering to sell, selling, making, and/or importing of products that infringe the ’455 Patent, including such acts into the State of Texas, is

irreparably harming Plaintiff. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, selling, using, offering for sale, and importing the patented invention stemming from the infringing acts.

38) Defendants' infringement has been and continues to be willful. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

39) Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. 283. Unless Defendants are preliminarily and permanently enjoined by this Court from continuing their infringement of the '455 Patent, Plaintiff will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

40) Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

41) The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts, and have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A. That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

i. Making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products that infringe the '455 Patent; and

ii. Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the ’455 Patent;

iii. committing any acts calculated to cause consumers to believe that Defendants’ products are sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

iv. further infringing the ’455 Patent;

v. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which infringe the ’455 Patent; and

vi. using, linking to, transferring, selling, exercising control over, or otherwise owning Defendant Internet Stores or any other online marketplace account that is being used to sell or is the means by which Defendants could continue to sell infringing products or inventory; and

B. Entry of an Order that, upon Plaintiff’s request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces such as: Amazon and Walmart; payment processors such as: PayPal, Stripe, Payoneer, and LianLian; social media platforms such as: Facebook, Instagram, Snapchat, TikTok, YouTube, LinkedIn, and Twitter; Internet search engines such as Google, Bing, and Yahoo; webhosts for the Defendants Domain Names; and domain name registrars, that are provided with notice of the injunction, cease facilitating access to any or all webstores through which Defendants engage in the sale of products that infringe the ’455 Patent; shall:

i. disable and cease providing services for any accounts through which Defendants engage in the sale of products not authorized by Plaintiff which infringe the '455 Patent, including any accounts associated with the Defendants listed on Schedule A;

ii. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which infringe the '455 Patent; and

iii. take all steps necessary to prevent links to the Defendant accounts identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant accounts from any search index; and

C. For Judgment in favor of Plaintiff against Defendants that they have willfully infringed Plaintiff's rights in its federally registered patent pursuant to 35 U.S.C. § 271;

D. For Judgment in favor of Plaintiff against Defendants finding that infringement of the '455 Patent has been willful.

E. That Plaintiff be awarded damages for such infringement in an amount to be proven at trial, in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284, together with interest and costs.

F. That plaintiff be awarded treble damages under 35 U.S.C. § 284 for Defendants' willful infringement of the '455 Patent.

G. A finding that this case is exceptional under 35 U.S.C. § 285.

H. That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

I. That Plaintiff be awarded any and all other relief that this Court deems equitable and just.

Plaintiff demands trial by jury as to all causes of action so triable.

Dated: November 16, 2026

Respectfully submitted,

**FLENER IP LAW LLC**

*/s/ James E. Judge*
James E. Judge (IL Bar No. 6243206)
Ying Chen (IL Bar No. 6346961)
77 W. Washington St., Ste. 800
Chicago, IL 60602
(312) 724-8874
jjudge@fleneriplaw.com

*Counsel for Plaintiff*